United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LANA LECHABRIER,
Movant,

v.

ANDRE MATEVOUSIAN,
Respondent.

Case No. 14-cv-02309-JD

**ORDER OF TRANSFER**

Movant, a federal prisoner incarcerated at F.C.I. Dublin has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**DISCUSSION**

**I. STANDARD OF REVIEW**

A district court must determine at the outset whether a petition filed by a federal prisoner is pursuant to 28 U.S.C. § 2241 or 28 U.S.C. § 2255, because congress has given jurisdiction over these petitions to different courts. *Hernandez v. Campbell*, 204 F.3d 861, 865-66 (9th Cir. 2000). A petition under § 2241 must be heard in the district of confinement, whereas if the petition is properly brought under § 2255, it must be heard by the sentencing court. *Id*. at 865.

A federal prisoner who seeks to challenge the legality of confinement must generally rely on a § 2255 motion to do so. *See Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) ("The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." (citation omitted)). There is, however, an exception to that general rule. Under the "escape hatch" of § 2255, a federal prisoner may file a § 2241 petition if, and only if, the remedy under § 2255 is "inadequate or

ineffective to test the legality of his detention." *Id*. (internal quotation marks omitted). We have held that a prisoner may file a § 2241 petition under the escape hatch when the prisoner "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Id*. at 898 (internal quotation marks omitted).

## II. LEGAL CLAIMS

Movant was found guilty after trial in the United States District Court for the Eastern District of California in Case No. 08-cr-0427 MCE EFB. Movant filed a § 2255 motion, but it was denied without prejudice as it had been filed prior to sentencing and judgment being entered. Docket Nos. 638, 670 in Case No. 08-cr-0427 MCE EFB. Sentencing occurred on July 12, 2012, and the Ninth Circuit affirmed the conviction on February 11, 2014. *U.S. v. Popov*, 555 Fed. Appx. 671 (9th Cir. 2014). In this petition, movant raises claims regarding due process violations at trial, malicious prosecution, judicial misconduct and ineffective assistance of counsel. These claims are more appropriately brought in a § 2255 motion as they challenge the legality of the confinement. While movant has already brought a § 2255 motion, that motion was denied without prejudice, so movant may bring another § 2255 motion in the district of conviction. Nor does movant qualify for the "escape hatch" as there is no claim of actual innocence and there still exists a procedural avenue to present the claims. Therefore, this case is **TRANSFERRED** to the Eastern District of California.

**IT IS SO ORDERED.**

Dated: June 24, 2014

JAMES DONATO
United States District Judge

14-cv-02309-JD-_trn