k

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LANA LE CHABRIER,

          Petitioner,

    v.

ANDRE MATEVOUSIAN,

          Respondent.

No.  2:14-cv-01624 AC P

ORDER TO SHOW CAUSE

Petitioner has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, together with a request to proceed in forma pauperis.

Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit.  Accordingly, the request for leave to proceed in forma pauperis is granted.  See 28 U.S.C. § 1915(a).

I.    Factual and Procedural Background

Petitioner was found guilty after trial in the United States District Court for the Eastern District of California in Case No. 08-cr-0427 MCE EFB of conspiracy to commit health care fraud and health care fraud.  She then filed a § 2255 motion, but it was denied without prejudice since it had been filed prior to sentencing and entry of judgment.  See Docket Nos. 638, 670 in Case No. 08-cr-0427 MCE EFB.  On July 12, 2012, petitioner was sentenced to a term of 78 months in prison followed by 36 months of supervised release.  See ECF No. 706 in Case No. 08-cr-0427 MCE EFB (minutes of sentencing hearing).  The Ninth Circuit affirmed the conviction on

1

1   February 11, 2014.  U.S. v. Popov, 555 Fed. Appx. 671 (9th Cir. 2014).

2       The instant § 2241 petition was originally filed on May 13, 2014 in the Northern District

3   of California.[1]  Petitioner raises claims regarding due process violations at trial, malicious

4   prosecution, judicial misconduct and ineffective assistance of counsel.  In its transfer order, the

5   Northern District of California found that the § 2241 petition was more properly characterized as

6   a §2255 motion since petitioner challenges the legality of her conviction.  ECF No. 7.  Based on

7   this characterization of the § 2241 petition, the case was transferred to this court which is where

8   petitioner had been sentenced.  See Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000)

9   (noting that a §2241 petition must be heard in the district of confinement whereas a §2255 motion

10  must be heard in the district of conviction).

11  II.    Legal Standards

12      Under 28 U.S.C. § 2255, the federal sentencing court is authorized to grant relief if it

13  concludes that "the sentence was imposed in violation of the Constitution or laws of the United

14  States, or that the court was without jurisdiction to impose such sentence, or that the sentence was

15  in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28

16  U.S.C. § 2255(a).  A motion that is in substance a habeas petition "should be treated

17  accordingly."  Gonzalez v. Crosby, 545 U.S. 524, 531 (2005) (construing a Rule 60(b) motion as

18  a habeas petition)).  Thus, an application filed in the sentencing court, and substantively within

19  the scope of § 2255, is a motion under § 2255, regardless of how the prisoner captions the

20  application.  United States v. Buenrostro, 638 F.3d 720, 722 (9th Cir.2011) (citing Gonzalez, 545

21  U.S. at 531).

22      However, a court may not recharacterize a pro se litigant's motion as the litigant's first

23  § 2255 motion unless the court informs the litigant of its intent to do so.  Castro v. United States,

24  540 U.S. 375, 377 (2003).  As the Ninth Circuit Court of Appeals explained:

> When presented with a pro se motion that could be recharacterized
> as a 28 U.S.C. § 2255 motion, a district court should not so
> recharacterize the motion unless: (a) the pro se prisoner, with

27
28  [1] Petitioner was afforded the benefit of the prison mailbox rule in determining the date of filing.
    See Houston v. Lack, 487 U.S. 266 (1988).

knowledge of the potential adverse consequences of such a recharacterization, consents or (b) the district court finds that because of the relief sought that the motion should be recharacterized as a 28 U.S.C. § 2255 motion and offers the pro se prisoner the opportunity, after informing the prisoner of the consequences of recharacterization, to withdraw the motion. Under either scenario, the pro se prisoner has the option to withdraw the motion and file one all-inclusive 28 U.S.C. § 2255 motion within the one-year statutory period.

United States v. Seesing, 234 F.3d 456, 464 (9th Cir. 2001).  If this is not done, a recharacterized motion will not count as a § 2255 motion for purposes of applying § 2255's "second or successive" provision.  Castro, 540 U.S. at 377.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), before a second or successive § 2255 motion is filed, it must be certified by a panel of the appropriate court of appeals to contain "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense;" or "(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h).  If a prisoner seeks to assert a claim that was not presented in his first § 2255 motion, he must move for certification from the court of appeals to file a second or successive motion.  Therefore, the district court lacks jurisdiction to consider the second or successive motion absent prior certification from the court of appeals.  See United States v. Lopez, 577 F.3d 1053, 1056 (9th Cir.2009) (finding district court did not have jurisdiction and therefore erred in reaching the merits of a newly discovered Brady claim because petitioner failed to first obtain certification from the Ninth Circuit to file a second or successive petition pursuant to § 2255(h)).

III.    Analysis

Here, petitioner may have filed the instant § 2241 petition believing that her prior § 2255 motion that was dismissed without prejudice because it was premature counted as her one and only §2255 motion.  See ECF Nos. 638, 670 in Case No. 08-cr-0427-MCE-EFB.  However, that is not the case.  The dismissal without prejudice of petitioner's previous § 2255 motion allowed petitioner to refile the motion once judgment had been entered and her conviction had become

1   final.  Accordingly, rechacertizing the instant 2241 petition as a § 2255 motion does not run

2   afoul of the prohibition against second or successive § 2255 motions.  Moreover, it does not

3   appear that the statute of limitations governing § 2255 relief has expired in petitioner's case.[2]

4   Therefore, recharacterizing the § 2241 petition as a § 2255 motion would not bar petitioner from

5   relief on the merits of the motion due to a statute of limitations bar.

6   IV.   <u>Notice to Pro Se Petitioner</u>

7          However, under <u>Castro</u> and <u>Seesing</u>, the court HEREBY NOTIFIES petitioner that in

8   order for the court to consider her claims for relief, she must either consent to the

9   recharacterization of her § 2241 petition as a motion for habeas relief under § 2255, or withdraw

10   the instant motion and file a motion bringing all claims for relief pursuant to § 2255 in a single,

11   all-inclusive motion.  Failure to assert all of the grounds for relief in a single motion may

12   preclude petitioner from asserting other grounds in a second or successive § 2255 motion.

13          In accordance with the above, IT IS HEREBY ORDERED that:

14      1.  Petitioner's request to proceed in forma pauperis (ECF No. 2) is granted;

15      2.  Within twenty-one days from the date of this order, petitioner shall show cause in

16   writing whether she consents to the court recharacterizing her § 2241 petition as a § 2255 motion

17   or whether she seeks to withdraw the §2241 petition so that she may bring all claims for relief in a

18   single § 2255 motion.

19          3.  In response to petitioner's request for information regarding deadlines (ECF No. 11),

20   petitioner is advised that the court will only serve the petition and set a briefing schedule once it

21   ////

22   ////

23   ////

24

25   [2] A motion to vacate, set aside or correct a federal sentence under § 2255 must be filed within one year of the latest of the date on which: (1) the judgment of conviction became final; (2) an

26   impediment to making a motion created by governmental action was removed, if such action prevented petitioner from making a motion; (3) the right asserted was recognized by the Supreme

27   Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the facts supporting the claim or claims presented could have been

28   discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

1  is determined what procedural vehicle petitioner intends to use to challenge her conviction and/or

2  sentence.

3  DATED: July 24, 2014

4  _____

5  ALLISON CLAIRE
   UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28