UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANA LE CHABRIER,<br><br>  Petitioner,<br><br>  v.<br><br>ANDRE MATEVOUSIAN,<br><br>  Respondent. | No. 2:14-cv-01624 AC P<br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  On June 25, 2014 the case was transferred to this district from the Northern District of California.  ECF No. 7.  Petitioner has now filed a notice of appeal of the transfer order.  ECF No. 14.

Although "[a]s a general rule, the filing of a notice of appeal divests a district court of jurisdiction over those aspects of the case involved in the appeal[,]" Stein v. Wood, 127 F.3d 1187, 1189 (9th Cir. 1997), the district court retains jurisdiction in this instance because this circuit has long "recognized an exception to the general rule that a valid notice of appeal divests the district court of jurisdiction over all but tangential matters," when the appeal is patently frivolous.  Marks v. Clarke, 102 F.3d 1012, 1018 n. 8 (9th Cir. 1996) (citing Chuman v. Wright, 960 F.2d 104, 105 (9th Cir. F.2d 104, 105 (9th Cir. 1992) ("frivolous or forfeited appeal does not automatically divest the district court of jurisdiction."); see also, United States v. Powell, 24 F.3d

1

28 (9th Cir. 1994); United States v. LaMere, 951 F.2d 1106, 1108 (9th Cir. 1991); United States v. Claiborne, 727 F.2d 842 (9th Cir. 1984).

A party may appeal "final decisions of the district courts...." 28 U.S.C. § 1291. "A 'final decision' for purposes of § 1291 is a 'decision by the District Court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Duke Energy Trading and Marketing, L.L.C. v. Davis, et al., 267 F.3d 1042, 1048 (9th Cir. 2001) (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978)).  Here, petitioner's notice of appeal is frivolous because a transfer order is not a final appealable order.  See Varsic v. United States District Court, 607 F.2d 245, 251 (9th Cir. 1979).  Accordingly, this case shall proceed in this court notwithstanding petitioner's pending notice of appeal.  However, the court will sua sponte grant petitioner an extension of time to respond to this court's July 25, 2014 order to show cause.

Accordingly, IT IS HEREBY ORDERED that petitioner's response to the order to show cause is now due on or before September 5, 2014.

DATED: August 12, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2