UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANA LE CHABRIER,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>ANDRE MATEVOUSIAN,<br><br>　　　　　Respondent. | No.  2:14-CV-01624 GEB AC P<br><br><br>ORDER |

　　　　Petitioner is a federal prisoner proceeding pro se and in forma pauperis in this habeas corpus action pursuant to 28 U.S.C. § 2241.  On July 25, 2014 petitioner was ordered to show cause within 21 day why the court should not recharacterize her § 2241 petition as a § 2255 motion.  ECF No. 13.  By the same order, petitioner was also advised that she could withdraw her § 2241 petition and wait to bring all of her § 2255 claims in a single motion.  Id.  To date, petitioner has not responded to the court's order.  However, petitioner has filed several miscellaneous motions and requests which the court will address in turn.

　　　　On September 4, 2014, petitioner filed a "request to pause" the case until the Ninth Circuit Court of Appeals ruled on her appeal of the order transferring the § 2241 petition to this district. ECF No. 23.  However, on September 25, 2014, the Ninth Circuit Court of Appeals dismissed petitioner's appeal based on lack of jurisdiction.  See ECF No. 27.  Accordingly, the court will deny petitioner's request as moot.

1

Petitioner's request to transfer her § 2241 petition back to the Northern District of California is denied as that court does not have jurisdiction to entertain the petition. See ECF No. 7 (transfer order).

Also pending before the court are petitioner's September 19, 2014 motions to compel the government to produce discovery documents and transcripts from her criminal prosecution. See ECF No. 25, 26; see also Case No. 2:08-cr-00427-MCE. Attached to each motion is a one page list of documents and/or transcripts that petitioner is requesting be produced. ECF No. 25 at 2. In light of the fact that petitioner has failed to respond to the court's initial order, both of these motions are premature and will be denied without prejudice. Petitioner may choose to renew such motions once it is determined what procedural vehicle petitioner intends to use to challenge her conviction and/or sentence. See 28 U.S.C. § 753(f) (authorizing the production of transcripts at government expense for indigents proceeding with an action pursuant to 28 U.S.C. § 2255); see also Rule 6 of the Rules Governing Section 2255 Proceedings (stating the requirements for requesting discovery in a § 2255 proceeding).

The court will sua sponte grant petitioner one last extension of time to comply with the court's July 25, 2014 order to show cause. Within 30 days of the date of this order, petitioner shall show cause why this court should not recharacterize the instant § 2241 petition as a motion challenging petitioner's conviction and sentence pursuant to 28 U.S.C. § 2255. **This means that if petitioner does not want the court to recharacterize her petition as a § 2255 motion, she should explain why not. If she does not object to such characterization, she should so state.**

Petitioner's failure to timely respond will result in the court's automatic recharacterization of her petition as a § 2255 motion.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request to pause the case (ECF No. 23) is denied as moot;

2. Petitioner's request to transfer the petition to the Northern District of California (ECF No. 24) is denied;

3. Petitioner's motions to compel production of documents and transcripts (ECF Nos. 25, 26) are denied without prejudice; and,

2

    4.  Within 30 days from the date of this order, petitioner shall show cause in writing why the court should not recharacterize the instant § 2241 petition as a § 2255 motion;

    5.  Petitioner's failure to respond within the time provided shall result in the court's automatic recharacterization of her petition as a § 2255 motion.

DATED: September 30, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE